UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  3:98-CR-6-KAC-JEM-1 |
| | ) | |
| ADRIAN S. HOLMES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Defendant Adrian S. Holmes was arrested on September 22, 2022 [Doc. 163], following the filing of a Petition for Warrant for Offender Under Supervision ("Petition") [Doc. 157]. That same day, Defendant appeared before the undersigned for an Initial Appearance, at which time the Government moved for detention pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, which incorporates 18 U.S.C. § 3143(a)(1) [Docs. 159 & 162]. Defendant then appeared before the undersigned on September 28, 2022, for a preliminary hearing and a detention hearing. Assistant United States Attorney Jeremy Dykes appeared on behalf of the Government. Attorney Forrest Wallace represented Defendant, who was also present.

The Government asserts probable cause exists for the three supervised-release violations outlined in the Petition and requests that Defendant be detained pending a revocation hearing because he is both a danger to the community and a flight risk. While Defendant acknowledged at the hearing that it is difficult to prevail on the issue of probable cause when faced with judgments from recent convictions, he argues against a finding of probable cause for all violations. Defendant further argues that, if probable cause has been established for any of the three violations, then he

should not be detained pending a revocation hearing because there are a combination of conditions that are sufficient to ensure he will neither pose a danger to the community nor be a flight risk.

For the reasons set forth below, the Court finds there is **PROBABLE CAUSE** to believe Defendant has violated at least one of his conditions of release. The Court further finds that Defendant shall be **DETAINED** pending his revocation hearing because there are no conditions or a combination of conditions that could reasonably assure the safety of the community.

I. PROBABLE CAUSE EXISTS TO BELIEVE A VIOLATION OCCURRED

The Petition alleges Defendant Holmes violated the condition of supervised release that he not commit another federal, state, or local crime on two separate occasions: on June 18, 2022, when he was charged with Vandalism and Retaliation for Past Action, as well as on June 4, 2022, when he was issued a citation for Disobeying a Red Light and Expired Registration [Doc. 157]. The Petition also alleges Defendant violated the condition that he report to the United States Probation Office as instructed because he failed to submit a Monthly Supervision Report for May 2022 [*Id.*].

"If a person is in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred." Fed. R. Crim. P. 32.1. Considering the evidence, proffers, and arguments of counsel at the preliminary hearing, the Court finds probable cause for the June 18 violation relating to the commission of another crime and the May 2022 violation for failing to report. In support of the June 18 violation, the Government entered into evidence a plea agreement, signed on September 20, 2022, in which Defendant pled guilty to both a Vandalism charge and Attempted Retaliation for Past Action for his actions on June 18. As for the May 2022 violation, the Court relies on the sworn statement of the United States Probation Officer contained in the

Petition that states Defendant did not submit a Monthly Supervision Report for May 2022. The Court notes, however, Defendant's own submission—through counsel—at the preliminary hearing that he mailed the May 2022 report and that it must have been lost in the mail. The Court does not find probable cause for the June 4 traffic infractions because the only mention of the citations in either the Petition, proffers, or evidence introduced at the hearing was one reference in the Petition to a June 4, 2022 stop by an officer of the Knoxville Police Department.

## II.    DETENTION OF DEFENDANT IS WARRANTED

"The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings."  Rule of Criminal Procedure 32.1(a)(6). The Court typically orders pretrial detention of a defendant only if it finds no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any person or the community. 18 U.S.C. § 3142(e). With respect to the release or detention of persons appearing for an alleged violation of probation or supervised release, however, the Court shall order that the defendant be detained unless it finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of others or the community if released.  18 U.S.C. § 3143(a); Fed. R. Crim. P. 32.1(a)(6). The defendant bears the burden of showing by clear and convincing evidence that he will not flee or pose a danger to others or the community. Fed. R. Crim. P. 32.1(a)(6). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court takes into account the factors set forth in 18 U.S.C. § 3142(g).

The Court finds that the factors set forth in 18 U.S.C. § 3142(g) weigh in favor of detention of Defendant because he has failed to meet his burden of proving by clear and convincing evidence

that he is not a danger to the community.[1] The first factor, the nature and circumstances of the alleged violations, particularly the June 18 convictions, weigh in favor of detention. Defendant was originally charged with "unlawfully, knowingly, and feloniously threaten[ing]" a law enforcement officer in retaliation for an act they took in their official capacity, a Class E Felony. Tenn. Code Ann. § 39-16-510. Defendant ultimately pled guilty to a lesser offense of Attempted Retaliation for Past Action, a Class A Misdemeanor. Despite this, the Court still finds that Defendant's attempt to threaten an individual—a police officer no less—is indicative of his dangerousness to the community and, as such, the first factor favors detention.

The second factor, the weight of the evidence of Defendant's dangerousness, also supports detention. 18 U.S.C. § 3142(g)(2); *see also United States v. Stone*, 608 F.3d 948 (6th Cir. 2010) (observing that factor (g)(2) "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt"). The Government proffered that on June 18, multiple motorists alerted the Knoxville Police Department about a reckless driver in a gray Cadillac.[2] The officer who ultimately arrested Defendant responded to the calls and initiated a traffic stop on the gray Cadillac, which Defendant was driving. The officer relayed to the Government that he ran Defendant's driver license and, upon arresting Defendant for an outstanding capias and placing him in the back of his patrol car, Defendant kicked the window bars to the point it bent the bars—

---

[1] The Court finds Defendant has met his burden of proving he is not a flight risk. In making this determination, the Court relies on Defendant's proffer that he is a lifelong resident of East Tennessee, has had stable employment since his release working at a warehouse in Knoxville, and has resided at a rental that his brother has helped finance, which is where he would reside if released.

[2] Defendant argues this fact has less weight because he was not ultimately cited or arrested for a reckless driving violation. While the Court considers that Defendant was not cited or arrested for reckless driving, that multiple motorists alerted police to a reckless driver in a vehicle matching the description of the vehicle driven by Defendant is relevant to the weight of the evidence of Defendant's dangerousness.

the act that led to Defendant's Vandalism charge and conviction—and threatened the officer. Specifically, Defendant purportedly made continuous threats throughout the entirety of the ride to jail that he was going to harm the officer and his family, even going so far as to detail how he was going to do it. Defendant then began threatening additional law enforcement when he arrived at the jail. At the detention hearing, Defendant objected that the officer's statements were hearsay. The Court acknowledges Defendant's objection but notes both that it is permitted to consider hearsay as part of a detention hearing, *see* 18 U.S.C. § 3142(f)(2), and that much of this information is contained in the officer's sworn Affidavit of Complaint. Even if the Court considered only the information contained in the sworn Affidavit, it would lead the Court to find the second factor weighs in favor of detention.

The third factor focuses on Defendant's history and characteristics. *See* 18 U.S.C. § 3142(g)(3). Defendant is a lifelong resident of East Tennessee, has had stable employment since his release working at a warehouse in Knoxville, and has resided at a rental that his brother has helped finance, which is where he would reside if released. Defendant also submitted that there is no evidence of any failed drug screen by Defendant. These factors all favor release. Yet, Defendant has a Criminal History Category of VI, and the original offenses underlying Defendant's supervised release include Possession with Intent to Distribute Cocaine Base and Felon in Possession of a Firearm. Defendant also has convictions for Unlawful Possession of a Weapon, Unlawful Possession of a Firearm, Assault, Carrying a Prohibited Weapon, and Second-Degree Murder. On balance, the Court finds Defendant's history and characteristics weigh in favor of detention.

The final factor looks to the nature and seriousness of the danger that would be posed by Defendant's release. *See* 18 U.S.C. § 3142(g)(4). The Petition notes that Defendant's current term

5

of supervised release began in December 2021 after he was sentenced to time served for previous violations committed while on supervised release. The charges underlying the previous revocation included Public Intoxication, Failure to Provide Proof of Financial Responsibility, Reckless Driving, Driving Under the Influence, Violation of Implied Consent, Violation of State Registration Theft of Property $10,000–$60,000, Evading Arrest Flight-Vehicle, and Theft (up to $1,000). Defense counsel proffered at the hearing that Defendant has since been sentenced on the DUI charge, with the sentence to run concurrent to the sentence stemming from the June 18 charges. Defendant committed the DUI violation while previously on supervised release, then within six months of being on his current term of supervised release, he committed the current alleged violations—and he recently pleaded guilty to offenses related to the underlying conduct. This leads this Court to believe that the nature and seriousness of the danger posed by Defendant's release favors detention. It also gives rise to concerns about Defendant's ability to comply with conditions of release pending a revocation hearing.

Defendant, however, argues that there are conditions that can alleviate any danger he may pose. He submits that he could participate in mental health and anger management classes if released, and he argues it is unlikely he would encounter the arresting officer again and that the condition that he not have contact with an alleged victim could prevent any contact with that officer. The Court does not have confidence that these proposed conditions, or any other combination of conditions, ameliorate the Court's concern of Defendant's danger to the community. Defendant is alleged to have threatened a law enforcement officer and his family members continuously for over fifteen minutes, before also threatening other law enforcement at the jail. He also has an extensive criminal history as well as a history of not abiding by conditions of supervised release. Finally, Defendant was on supervised release for only six months when he

6

committed the alleged violations that are currently before the Court. These facts all indicate to the Court that it is unlikely that Defendant can abide by any conditions of release placed upon him. The Court therefore finds there are no combination of conditions that would alleviate his danger to the community pending his revocation hearing.

Defendant Holmes has failed to carry his burden of showing that he is not a danger to the community. Defendant has also failed to show that release on the suggested conditions, or any combination of conditions, would reasonably assure the safety of the community. Accordingly, the Court concludes that no condition or combination of conditions of release exist that could reasonably assure the safety of the community, and therefore, the Defendant is **ORDERED DETAINED** pending his revocation hearing.

## III. CONCLUSION

For the reasons discussed herein, the Court **ORDERS** as follows:

(1) The Court finds probable cause that Defendant Holmes violated his conditions of supervised release by committing another crime on June 18, 2022, and failing to submit a Monthly Supervision Report for May 2022;

(2) Defendant is **ORDERED** to appear for a revocation hearing before United States District Judge Katherine A. Crytzer, which is presently scheduled for **November 8, 2022, at 2:00 p.m.**;

(3) Defendant Holmes is **ORDERED DETAINED** pending his revocation hearing;

(4) Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(5) Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel; and

(6) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge