# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

United States of America
v.
Adrian S. Holmes

Case No: 3:98-cr-6
USM No: 16553-074

Date of Original Judgment: 1/22/1999
Date of Previous Amended Judgment: _____

Jonathan A. Moffatt
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
### PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment of _____ months **is reduced to** _____.

Please see the attached analysis.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**SO ORDERED**.

Order Date: 4/4/2025

*Judge's signature*

Effective Date: _____
*(if different from order date)*

KATHERINE A. CRYTZER, United States District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:98-CR-6-KAC-JEM |
| ) | |
| ADRIAN S. HOLMES, ) | |
| ) | |
| Defendant. ) | |

## **ANALYSIS**

Before the Court is Defendant Adrian S. Holmes's pro se Motion for a sentence reduction [Docs. 198], as reviewed by appointed counsel [*See* Doc. 199]. On January 22, 1999, the Court sentenced Defendant to 180 months' imprisonment followed by eight (8) years of supervised release for (1) possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B); and (2) possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) [*See* Doc. 127 at 1; Doc. 115 at 1]. The Court later reduced Defendant's term of imprisonment to 168 months [Doc. 115 at 2]. Following the conclusion of that custodial sentence, Defendant violated the conditions of his supervised release [*See* Docs. 127, 157]. In 2021, the Court revoked his release and sentenced him to time served, followed by three (3) years of supervised release [Doc. 156 at 2]. After Defendant again violated the conditions of his supervised release in 2023, the Court revoked his release and sentenced him twenty-seven (27) months' imprisonment followed by three (3) years of supervised release [Doc. 177 at 1-2].

On April 5, 2024, while serving that revocation sentence, Defendant filed the instant Motion [Doc. 198], seeking a reduction of the sentence under "18 U.S.C. § 3582(c)(2) and Amendment 821" [Doc. 198 at 1]. Thereafter, in July of 2024, Defendant completed his latest

2

custodial sentence and was released to serve three (3) years of supervised release. *See* Inmate Locator, Federal Bureau of Prisons, available at https://www.bop.gov/inmateloc/ (last accessed April 4, 2025).

The United States opposed Defendant's Motion [Doc. 200] arguing that (1) Amendment 821 does not apply to "revocation" sentences, and (2) Defendant's Motion is "moot" [Doc. 200 at 1]. It is correct in both respects. **First,** Defendant seeks to reduce a sentence imposed upon the revocation of his supervised release [*See* Doc. 198 at 1; *see also* Doc. 177 at 1]. But Guidelines Section 1B1.10—which expressly covers Amendment 821—"does not authorize a reduction" of a revocation sentence. *See* USSG §1B1.10 n.8(A). **Second,** Defendant's Motion became "moot" when he completed the relevant custodial portion of his revocation sentence in July of 2024.

Moreover, since Defendant filed the instant Motion, it has come to the Court's attention that Defendant allegedly violated the conditions of his supervised release again [*See* Doc. 201, *sealed]. And the Court would deny Defendant's Motion on that basis because the relevant Section 3553(a) factors do not support a reduction for an individual who continues to have challenges complying with the lawful terms of supervised release. *See* 18 U.S.C. § 3582(c)(2).

3